IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA CHEE,

       Plaintiff,

vs.                                        Civ. No. 00-248 WWD/KBM

SOUTHWEST HYUNDAI, INC.,

       Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Disqualify Plaintiff's

Counsel, Richard N. Feferman & Associates [docket no. 52], filed November 2, 2000.

***Background.***

In 1999, the Navajo Nation enacted the Navajo Nation Consumer Protection Act ("NNCPA")

which provided, *inter alia*, a ten day right of rescission on new vehicle purchases by tribal members

living on Indian land.  This time allowed for rescission under the NNCPA posed serious problems for

automobile dealers subject to the Act; for example, who should carry the insurance on the vehicle

during the ten day period when Plaintiff could rescind the contract; and what of payments due to

Defendant's lender in fewer than ten days after the sale.  Accordingly, Defendant was reluctant to

enter into transactions with Native Americans if it could not safely meet the requirements of the

NNCPA; and Bill Miller ("Miller"), Defendant's General manager, so informed Plaintiff, when she

came to purchase a vehicle on November 12, 1999.

-1-

Plaintiff conferred with her counsel on December 15, 1999, and was allowed to use her counsel's recorder equipped home telephone to call Miller and to record her conversation with Miller. The existence of the tape recorded conversation was disclosed and a transcript of that tape recording was disclosed to Defendant in Plaintiff's initial disclosures under Fed. R. Civ. P. 26.

### *Contentions of the Parties and Discussion.*

Defendant contends that "Plaintiff's counsel's actions in telephoning Miller were not only unethical, but also place counsel squarely in the untenable dual role of lawyer and witness, making their disqualification necessary." Since Plaintiff's counsel was able to observe Plaintiff before and after the recorded conversation, Defendant contends that Plaintiff's counsel should be available as a witness[es] to Plaintiff's emotional state before and after the telephone call to Miller, and should therefore be disqualified from acting as Plaintiff's counsel.

With the exception of the potential violation of Rule 16-307`NMRA 2000[1], no other direct reference is made to an unethical act on the part of Plaintiff's counsel. Defendant's later reference to Plaintiff's counsel's "involvement in the attempt to extract admissions from a corporate representative, without the benefit of counsel for the corporation is a central issue to the claims at bar" is not couched in terms of being "unethical," nor is it given as a reason for disqualification.

---

[1]RULE 16-307. Lawyer as witness.
  A. Necessary witness. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
   (1) the testimony relates to an uncontested issue; or
   (2) the testimony relates to the nature and value of legal services rendered in the case.
  B. Associate lawyer. A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 16-107 or 16-109.

Plaintiff claims that Defendant has failed to show that Plaintiff's counsel are necessary witnesses. Plaintiff's counsel claims that it was necessary to verify his client's assertions against Defendant. Plaintiff argues that the tape recording of the telephone conversation does not relate to any disputed facts since Defendant no longer denies that it refused to sell Plaintiff an automobile, and that the tape recording of the telephone conversation between Plaintiff and Miller will not be offered in evidence at trial. Plaintiff cites deposition testimony of Miller and the Plaintiff[2] which allegedly indicates that Defendant "refused" to sell vehicles to Native Americans, and that Defendant had not conferred with counsel concerning this practice, even though such contact had been suggested to automobile dealers in a memorandum dated October 11, 1999, from Jason Kent, Esquire, to Ray Berube, NMADA ( New Mexico Car Dealers Association).  Plaintiff contends that the "continuing injury" resulting from Ms. Chee's treatment by Miller does not depend on how she felt after the telephone call in question; and that, in any event, Ms. Chee is fully capable of testifying as to how she felt after the call.  Plaintiff supplies a topical overview of portions of Ms. Chee's deposition in support of her position, and also argues that the motion for disqualification is premature.

When an attorney facilitates the production of an undisclosed tape recording of a telephone conversation between his client and a managing agent of a corporation who may now deal or previously has dealt with the "client" in a way proscribed by law; when proper disclosure of the recording under Fed. R. Civ. P. 26 is timely made; and the when the corporation's litigation attorney suggests that he should be allowed to call Plaintiff's counsel as witnesses to Plaintiff's emotional state before and after the telephone call: Should Plaintiff's counsel be disqualified from representing Plaintiff under the provisions of Rule 16-307 NMRA?

---

[2] I have reviewed Judge Molzen's Order concerning Ms. Chee's deposition.

There is nothing in the materials submitted to me including the transcript of the telephone recording, Plaintiff's deposition, Miller's deposition, or anything else that would suggest that either of Plaintiff's counsel is "likely to be a necessary witness." Every indication is that Ms. Chee would be quite competent to testify as to her emotional state before and after the telephone call. Since it is almost entirely unlikely that in the situation here involved that Plaintiff's counsel would offer anything but unnecessary cumulative evidence, if any evidence at all, I can see no other reason for the motion to disqualify other than to deprive Ms.Chee of her counsel of choice.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's motion to Disqualify Plaintiff's Counsel, etc. (Docket # 52), be, and it is hereby, **DENIED.**

**UNITED STATES MAGISTRATE JUDGE**